Honorable Richard M. Webster Missouri Senate, 32nd District Room 434, State Capitol Building Jefferson City, Missouri 65101
Dear Senator Webster:
This opinion is in response to your question asking for an interpretation of the provisions of Section 51, Article IV of the Missouri Constitution.
In our opinion No. 203-1977 to Senator Banks, copy enclosed, this office answered several questions concerning such section. The enclosed opinion is self-explanatory and we will not repeat it here. Likewise, for the sake of brevity we will not repeat the context of Section 51, Article IV which is set forth in such opinion, or the cases referred to therein.
Your first questions asks:
 "A name may be submitted by the governor either while we are in session or while we are not in session. Before the gubernatorial appointments committee, or the senate, has acted the name is withdrawn by the governor.
 "Question: Is a person whose name has been submitted to the senate, withdrawn by the governor before action, and not acted upon by the senate entitled to be reappointed to the same position?"
As we indicated in our opinion No. 203-1977, the answer will be different depending upon whether or not the appointment is made during a session or during a recess of the Senate. If the appointment is made during a recess, the appointment is an appointment in the true sense of the term and needs only Senate approval. The recess appointee takes office until the appointment is disapproved by the Senate or the Senate fails to act upon such appointment within the thirty day constitutional limitation. See also Opinion No. 182-1977 to Merrell, copy enclosed.
If the Senate is in session when such appointment is made, the appointment is a mere nomination and the appointee or nominee does not take office until he is approved by the Senate and duly qualifies. During the time a nomination, which is made during a session of the Senate, is pending approval, the incumbent, assuming there is one, holds over in office under the provisions of Section 12 of Article VII of the Missouri Constitution.
Unless the Governor lawfully removes a person after appointing him during a recess, the last official act of the Governor occurs when the Governor appoints the person during a recess and such person takes office. An attempted withdrawal by the Governor at that point of a person who was appointed while the Senate was in recess, would be tantamount to removal by the Governor. It is our view that the Governor does not have the authority to remove a person who has been so appointed and is acting, unless the Governor's removal power is exercised pursuant to Section 17 of Article IV. Depending upon the nature of the office involved, the Governor may have the power of removal of an incumbent under Section 17 of Article IV of the Missouri Constitution which provides that all appointed officers may be removed by the Governor. Therefore, our answer to your question with respect to removals depends upon the actual facts involved. A person appointed during a recess who is validly removed by the Governor before Senate rejection or before the Senate fails to give its approval within the thirty day limitation may be reappointed by the Governor to the same position. In cases where the person cannot be removed by the Governor under provisions of Section 17 of Article IV, the person's appointment must be confirmed by the Senate within the thirty day limit as provided in Section 51 of Article IV of the Constitution or he no longer holds such office.
On the other hand, where the nomination is made while the Senate is in session, the nominee has not taken office and it is our view that the nomination may be withdrawn by the Governor before the Senate takes any action. It is also our view that if the nomination which is submitted to the Senate during a session of the Senate is withdrawn by the Governor before the end of the session or before rejection by the Senate, the nominee is entitled to be again nominated to the same position.
Your second question asks:
 "A name is submitted by the governor either while we are in session or not in session, the senate takes no action on the appointment and returns the appointment to the governor without having approved or disapproved the appointment.
 "Question: Can such a person be reappointed to the same position by the governor?"
As we noted in our Opinion No. 182-1977, an appointment made while the Senate is not in session requires approval by the Senate within thirty days after the Senate convenes in regular or special session. If such approval is not obtained within such time under the provisions of Section 51 of Article IV of the Constitution, such appointment fails and such person cannot be reappointed by the Governor to the same position.
If the appointment or nomination is made while the Senate is in session but fails to receive the advice and consent of the Senate, the person so nominated cannot be reappointed by the Governor to the same office or position.
Your third question asks:
 "A name is submitted by the governor, either while we were in session or not in session. Before the senate can take action the appointee resigns from the position.
 "Question: Can such a person be reappointed by the governor?"
If the person is already in office because he was appointed during a recess of the Senate, such person still has the right to resign his office under Section 12 of Article VII of the Constitution. It is our view that such an appointee has the right to resign his position before the Senate rejects the appointment or fails to approve the appointment within the thirty days in which the advice and consent of the Senate must be given under Section 51 of Article IV of the Constitution without prejudice to his right to be reappointed or renominated by the governor to the same position subject to the advice and consent of the Senate at another time, either during a recess of the Senate, or while the Senate is in session.
We believe that the same is true of a person who is nominated while the Senate is in session. Although such person would not actually be in office and therefore would not be resigning within the meaning of Section 12 of Article VII of the Constitution, we are of the view that such a person could withdraw himself from consideration by the Senate before the Senate rejects the appointment or fails to approve the appointment prior to the end of the session without prejudice to his right to be reappointed or renominated at some other time during a recess of the Senate or during a session of the Senate.
Finally, we point out that our answer to your questions are not based upon any particular fact situation. Although we have attempted to ascertain the intent of the voters in adopting Section 51 of Article IV, and to apply the applicable principles of law, we do not believe that we can say with certainty how a court would rule when presented with a live controversy. Therefore, although we submit our views to you, we reserve the right to make a determination of specific controversies if such specific controversies become a proper subject for action by this office.
We do not attempt to pass upon the effect of statutory provisions for the removal of officers.
CONCLUSION
It is the opinion of this office with respect to the provisions of Section 51 of Article IV of the Missouri Constitution that: The Governor has authority to "withdraw" the appointment of a person made during a Senate recess before the Senate rejects the appointment or fails to approve the appointment within thirty days after the Senate has convened only if the "withdrawal" is made by removal of the appointee pursuant to Section 17 of Article IV of the Missouri Constitution. The Governor has authority to withdraw the nomination of a person made during a session of the Senate before the Senate rejects the nomination or fails to act on the nomination during such session. If, prior to withdrawal or removal, the Senate rejects either such nomination or appointment or fails to act thereon as required the appointee or nominee cannot again be reappointed or renominated to the same position. A person appointed during a recess of the Senate may resign pursuant to Section 12 of Article VII of the Constitution without prejudice and can be reappointed. A person nominated during a session may withdraw his name from consideration by the Senate without prejudice and can be reappointed.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 203-1977 Op. No. 182-1977